Harley SELF and N. D. Self, Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

May 8, 1975.

Certiorari Denied by Supreme Court Aug. 18, 1975.

Thomas R. Bandy, III, Kingsport, for N. D. Self.

Lyle Burrow, Bristol, for Harley Self.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Blountville, and Frank L. Slaughter, Special Prosecutor, Bristol, for defendant in error.

## OPINION

DWYER, Judge.

From convictions at a consolidated trial for committing the offenses of felonious assault with the intent to commit murder in the first degree, see T.C.A. 39–604, with resulting punishment set at confinement for not less than 6 nor more than 15 years imposed on Harley and N. D. Self, brothers, their appeals have been seasonably perfected with assignments of error being filed.

At the trial level Harley was represented by retained counsel, with the court appointing counsel for N. D. Self. Both have been adjudged by the learned court as indigents for this appeal.

They both have filed assignments of error which include an attack upon the sufficiency of the evidence.

With this assignment in mind we will narrate the evidence found from our reading of this record.

This assault occurred on the late evening hours of November 28, 1973, on a bridge which crossed Beaver Creek at Galloway Mill in Sullivan County.

Earlier that afternoon the victim, a Roy Herbert Cross, had gone to Barker's Supermarket in Bristol to cash a check when Harley Self, accompanied by a Jerry McCracken, asked Cross to give him a ride to his sister's. In their traveling about the county they bought the victim, Cross, $2.00 worth of gasoline for his automobile and also purchased a half gallon of wine.

The victim drank some of this wine and later another half gallon of wine was purchased by Harley. The three were ultimately joined by Harley's brother N. D. They all then proceeded to Beaver Creek ostensibly looking for the children of the sister of the Self brothers. When they got to the creek all four disembarked from the car and started walking on a path alongside the creek. The victim related that McCracken grabbed him by one arm and N. D. by the other and Harley then cut his throat. He broke loose and was pursued by the three onto the bridge where the Selfs grabbed him by the arms. Again his throat was slashed, the second time by McCracken. He was then hung over the side of the bridge. When a motorcycle approached, he was dropped into the creek. He then swam out of the creek and sought aid. The wounds to his neck required 100 sutures.

Another witness, testifying for the state, related he was riding his motorcycle across the bridge that evening and saw four men on it and one was hanging over the bridge.

Harley Self, testifying in his own defense, confirms all the details as outlined except any assault occurring in his presence. His testimony reflects all were drinking and had left the car to drink the other bottle of wine and that Cross had left them. N. D. Self did not testify and offered no proof.

We think the evidence is sufficient to sustain the verdicts. The jury has accredited the testimony of the victim, which we think is supported by the testimony of the motorcyclist. We are not free to reevaluate this testimony, see State v. Grace, Tenn., 493 S.W.2d 474, 476.

To support the charge of assault with the intent to commit murder in the first degree, premeditation is essential. It may be inferred from the circumstances

and is a question of fact for the jury, see *Cagle v. State*, Tenn.Cr.App., 507 S.W.2d 121, 129. We think the jury could and did infer that this was a premeditated assault from these circumstances: (1) the three lured the victim into the isolated area on the pretext of looking for the children; (2) the three, in concert, made a simultaneous assault on the victim, with McCracken and N. D. holding his arms the first time while Harley cut him; and (3) when the victim broke loose the three, in concert, grabbed him, with the Selfs holding his arms while McCracken slashed him the second time. We are satisfied from this evidence if death had ensued that a conviction for murder in the first degree would have been fully supported by the evidence found in this record. The Selfs have the burden here to show that the evidence preponderates against their guilt and in favor of their innocence, see *Holt v. State*, 210 Tenn. 188, 197, 357 S.W.2d 57. This they have not done. The assignments pertaining to the sufficiency and compatibility of the evidence to the law are accordingly overruled.

 They both contend that the trial court erred in overruling their motion for a severance. Harley supports his assertion with an affidavit by which he contends his being tried with his brother resulted in his prejudice. While it may have been to Harley's best interest to be tried alone, we do not think this is a sufficient showing that the trial court abused its discretion in denying his motion for a severance, see *Davis v. State*, 1 Tenn.Cr.App. 479, 445 S.W.2d 933, 936. No defense was interposed by N. D. and no prejudice has been shown that the joint trial was to his prejudice. We find no merit in this assignment. It is overruled.

 There were photographs shown, over objection, which depict the wounds on the throat of the victim. We think they were probative in depicting and illustrating to the jury the nature and extent of the wounds shortly after the attack. We find no abuse of the trial court's discretion in their admission. See *Briggs v. State*, Tenn.

Cr.App., 501 S.W.2d 831, 836. These assignments are overruled.

 They lastly contend that the argument of the special prosecutor inflamed the jury when he referred to N. D. as an animal who lived in a hut. The trial court promptly sustained an objection to the reference. See *Buchanan v. State*, 2 Tenn.Cr.App. 398, 454 S.W.2d 178, 182. We find no prejudicial error here. The assignments are overruled.

All assignments of error considered and found to be without merit we affirm the judgment of the trial court. Let it be so ordered.

WALKER, P. J. and DUNCAN, J., concur.